UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-103 |
| | ) | *Edgar* |
| BOBBY EDWARD HARVEY | ) | |

## **MEMORANDUM**

Before the Court is defendant's motion for new trial [Doc. No. 49] pursuant to FED. R. CRIM. P. 33. After a jury trial, defendant was convicted on one count of knowingly possessing methamphetamine with intent to distribute it. 21 U.S.C. § 841(a)(1).

The first two grounds asserted by defendant in support of his motion question the quantum of the evidence. In assessing this issue under FED. R. CRIM. P. 33, the Court may consider the credibility of the witnesses and the weight of the evidence to insure there is not a miscarriage of justice. *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). However, the Court should grant a new trial only in extraordinary circumstances where the verdict is against the great weight of the evidence. *United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995), *cert. denied*, 516 U.S. 1136, 116 S. Ct. 965, 133 L.Ed.2d 886 (1996); *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).

This Court cannot say that the verdict was against the great weight of the evidence. The defense in this case was essentially that, while the defendant did possess methamphetamine, he intended to use it rather than to sell or otherwise distribute it. The jury was given the option of finding defendant guilty of the lesser included offense of mere possession, but did not exercise this

option; and instead found defendant guilty of possession with intent to distribute. The was ample evidence that defendant was indeed distributing methamphetamine. This evidence included sandwich bags (for distributing drugs), digital scales for weighing drugs for distribution, a quantity of methamphetamine that (while not huge - 18.6 grams) was per the testimony of an experienced DEA agent, a distribution amount. The quantum of the evidence does not warrant a new trial.

Defendant also asserts as grounds for a new trial that the Court erred in denying defendant's motion to suppress evidence as well as a ruling wherein the Court denied a request to require the government to disclose the identity of a confidential informant. A decision on defendant's motion to suppress was made in a written opinion and only after a full hearing before a United States Magistrate Judge. The Court's ruling on that motion and its rulings on other matters asserted by the defendant are not erroneous.

An order will enter **DENYING** the defendant's motion.

> /s/ R. Allan Edgar
> R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE