# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| BOBBY E. HARVEY, ) | |
| ) | Case No. 1:04-CR-103; 1:16-CV-192 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 75]. The petition relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. On August 3, 2016, Petitioner filed a supplement in support of relief citing the Supreme Court's intervening decision in *Mathis v. United States*, 136 S. Ct. 2246 (2016) [Doc. 77]. Also before the Court is Petitioner's motion for an update regarding the "status of [his] case" [Doc. 76]. For the reasons discussed below, the supplemented petition [Docs. 75, 76] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's request for a "status" update [Doc. 76] will be **DENIED AS MOOT**.

## I.     BACKGROUND

In 2005, Petitioner was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) [Doc. 56]. Based on a 1984 Tennessee conviction for armed robbery and a 2003 Tennessee conviction for possession of a

Schedule II controlled substance [Presentence Investigation Report (PSR) ¶¶ 23, 39], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 18]. In accordance with that designation, this Court sentenced Petitioner to 262 months' imprisonment on August 4, 2005 [Doc. 56]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on May 7, 2007. *United States v. Harvey*, No. 05-6163, 2007 WL 1339837 (6th Cir. May 7, 2007). Petitioner did not seek a writ of certiorari.

More than nine years later—on June 8, 2016, Petitioner filed the instant request for collateral relief based on the *Johnson* decision [Doc. 75]. In it, he argues that the decision removed Tennessee armed robbery from the definition of "crime of violence" contained in Section 4B1.2 and that, without that conviction, he no longer has sufficient predicate convictions for career-offender enhancement [*Id.*]. Recently, he submitted a supplement to the original petition in which he argues that the *Mathis* decision prevents categorization of his drug conviction as a controlled substance offense [Doc. 77].

## II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

2

through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because neither the *Johnson* decision nor the *Mathis* decision has any impact on Petitioner's career-offender status.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**IV. ANALYSIS**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 of the United States Sentencing Guidelines classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.

4

Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 75, 77].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that Petitioner has failed to demonstrate that he is entitled to collateral relief.

5

First, binding Sixth Circuit precedent dictates that Tennessee armed robbery remains a crime of violence under the Guidelines use-of-physical force clause. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause); *see also United States v. Kemmerling*, 612 F. App'x 373, 375–76 (6th Cir. 2015) (reiterating that the *Johnson* decision did not affect the use-of-physical-force clause). Second, Petitioner's Tennessee conviction for possession of a Schedule II controlled substance remains a controlled substance offense under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where an enhancement stemmed from drug offenses).

To the extent that Petitioner argues that the *Mathis* decision somehow precludes this Court from categorizing his prior drug offense as a controlled substance offense [Doc. 77], he is mistaken. In *Mathis*, the Supreme Court held that a prior conviction is incapable of qualifying as a predicate violent felony under the enumerated offense clause if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for its satisfaction. Unlike the Iowa statute at issue in *Mathis*, however, the criminal drug statute at issue here does not contain any "alternate ways of satisfying a single locational element." As such, *Mathis* has no impact on the Court's ability to categorize Petitioner's convictions for possession of a controlled substance under Section 4B1.2(b).

V.      **REQUEST FOR AN UPDATE REGARDING "STATUS OF [HIS] CASE"**

In addition to the petition, the Court is in possession of Petitioner's request for an update regarding the "status of [his] case" [Doc. 76]. Because the instant Memorandum Opinion provides Petitioner with the information requested, the motion will be **DENIED as moot**.

## VI. CONCLUSION

For the reasons discussed above, Petitioner's supplemented § 2255 motion [Docs. 75, 77] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's request for an update regarding the "status of [his] case" [Doc. 76] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**